LAURA A. WHEATLEY, Appellant, v. ELLIS WHEATLEY.

FRAUD AND UNDUE INFLUENCE—*Evidence.*

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, APRIL 9, 1897.

THE plaintiff is a lady some seventy-four years of age, and the defendant is her son. Plaintiff owned one hundred and eighty acres of land, and some personal property, and was indebted in the sum of over one thousand dollars. On the twenty-ninth of October, 1894, the plaintiff and defendant entered into a written agreement whereby defendant was to pay plaintiff's debts, and provide a home and comfortable living for her during her life. It was provided that, in case she should live elsewhere than with him, defendant was to pay her the sum of two dollars and fifty cents per week for her support. As a consideration for the undertakings of the defendant, as expressed in the agreement, plaintiff was to convey to him the one hundred and eighty acres of land, and her personal property. Among the reasons for her entering into the contract, as stated therein, it appears that she had been subjected to expense and annoyance in an attempt to have a guardian appointed for her, and she feared a repetition of such attempt by her children, or other trouble growing out of the property, and that she only desired to be assured of a comfortable living. On the twenty-seventh of December, 1894, this action was commenced to set aside the conveyance, on the ground that it was obtained by misrepresentations and fraud. On the trial in the district court the petition was dismissed, and the plaintiff appeals.—*Affirmed.*

*Funson & Gifford* and *H. E. Long* for appellant.

*D. J. Vinje* for appellee.

GRANGER, J.—It will be seen, that the action was commenced about two months after the contract was entered into. The plaintiff is a widow, and has been since 1870. She has, besides the defendant, six children. The claim of fraud and misrepresentation is, that defendant and others represented to her, and caused her to believe that she was to lose all her property in litigation and attorney's fees; that lawyers were going to bring an action in the court the moment she got sick, or her health bad, and have her declared insane and of

weak and feeble mind; that she would be driven from her home and left without support; and that her only way to save her land was to deed it to the defendant,—and that by reason of these representations, she became bewildered, and believed the representations, and thus made the conveyance. We have seldom read a case in which so grave a charge came so far short of being established by the proofs. It is not to be said, that the record does not disclose conditions and facts to be regretted; for it seems to us a plain case of an aged mother being made, because of her estate, an object to bear the consequences of an unseemly strife between her children for purposes of gain. We will not set out the evidence or facts, further than to say that, beyond doubt, the plaintiff expressed a principal reason for her act in making the contract when she recited in the agreement, that she did it to avoid annoyance and trouble from her children She seems to be a woman of merely moderate intelligence, industrious, and needful of counsel and guidance in the management of business. The record is not a showing of undue influence or of fraud in the inception of the contract. The record is more a showing of improper treatment, and of a bad bargain, than of fraud or undue influence. It is, as is true generally in family quarrels, a picking up of isolated facts, great and small, and bringing them together for an undue effect. From a separate reading of this record, no one doubts the correctness of the judgment of the district court in dismissing the petition. The contract is undoubtedly an unfortunate one, because, quite likely, the defendant has not observed it in good faith, as its letter and spirit require, but that is not the question before us. The contract is certainly unfortunate, in the light of the reprehensible contention of her children, the consequences of which, barring the disgrace, fall upon her. It is one of those cases where aged persons make mistakes from which it would be a satisfaction to relieve them, but where the obligations of contract bind them to an unfortunate situation. The defendant had been with her for years before the contract was made, and she knew him, and evidently felt that by making the contract she was doing what was best for her, in view of the surroundings. It is quite probable that, if the parties were left free from the influence of others she might realize what she expected. The judgment is AFFIRMED.